In the Matter of the Claim of DONNA B. JULIANO, Appellant. TORY'S, L.L.P., Respondent; COMMISSIONER OF LABOR, Respondent. [776 NYS2d 913]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 26, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant resigned from her employment as a legal secretary after the legal partner for whom she worked used profane language when reprimanding claimant about the unsatisfactory airport transportation claimant arranged for him. Although offensive, the record establishes that this was the only incident where the partner directed vulgar language at claimant, despite having admonished claimant about her job performance on other occasions. The record further establishes that a senior law partner apologized to claimant upon learning of the incident. It is well settled that criticism from an employer, even if perceived as unduly harsh or unfair, does not constitute good cause for leaving employment (*see Matter of Penigian [Commissioner of Labor]*, 4 AD3d 603 [2004]; *Matter of Carlson [Commissioner of Labor]*, 307 AD2d 582, 583 [2003]). Here, given that the profanity expressed to claimant was a one-time occurrence and continuing work was available to claimant if she had not resigned, substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left her employment without good cause (*see Matter of Feng Yen Yang [Sweeney]*, 233 AD2d 656 [1996]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.